Jerala GRAYSON, as Personal Representative for the Estate of Daniel Neal Grayson *v.* Bob ROSS

06-946                                      238 S.W.3d 921

Supreme Court of Arkansas
Opinion delivered September 14, 2006

PER CURIAM. ■ In accordance with § 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judges Morris S. Arnold, C. Arlen Beam, and William Jay Riley of the United States Court of Appeals for the Eighth Circuit filed a motion and certification order with the clerk of the Arkansas Supreme Court on August 25, 2006. The certifying court requests this court to answer a constitutional question of Arkansas law which may be determinative of issues now pending in the certifying court. The question involves the amount of protection afforded to pretrial detainees under our conscious indifference standard announced in *Shepherd v. Washington County*, 331 Ark. 480, 962 S.W.2d 779 (1998), compared to the protections afforded to pretrial detainees under the federal deliberate indifference standard. After a review of the certifying court's analysis and explanation of the need for this court to answer the requested question of law, we accept certification of the following question: Does the conscious indifference standard announced in *Shepherd v. Washington County*, 331 Ark. 480, 962 S.W.2d 779 (1998), afford greater protection to pretrial detainees than the federal deliberate indifference standard?

This *per curiam* order constitutes notice of our acceptance of the certification of question of law. For purposes of the pending proceeding in the Supreme Court, the following requirements are imposed:

A. Time limits under Rule 4-4 will be calculated from the date of this *per curiam* order accepting certification. The plaintiff in the underlying action, Jerala Grayson, is designated the moving party and will be denoted as the "Petitioner," and her brief is due thirty days from the date of this *per curiam*; the defendants, Bob Ross, *et al.*, shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondents' brief is filed.

B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Rule 4-2(a) shall be included:

(3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Rule 4-6 with respect to *amicus curiae* briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondents.